UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| GREATER ST. LOUIS CONSTRUCTION LABORERS WELFARE FUND, an employee benefit plan, *et al.*, | ) ) ) ) |
| Plaintiffs/Counterclaim Defendants, | ) ) |
| vs. | ) )  Case No. 4:09CV00401 ERW |
| SYMMETRY LANDSCAPING, INC., a Missouri Corporation, | ) ) ) ) |
| Defendant, | ) ) |
| and | ) ) |
| SYMMETRY DESIGN AND INSTALLATION, LLC, a Missouri Limited Liability Corporation, | ) ) ) ) |
| Defendant/Counterclaim Plaintiff. | ) |

## **MEMORANDUM AND ORDER**

This matter comes before the Court on Plaintiffs' Amended Motion for Summary Judgment. ECF No. 62.[1]

---

[1] Plaintiffs filed this case on March 11, 2009. In a Case Management Order issued on October 27, 2010, the Court instructed the parties to file motions for summary judgment no later than August 31, 2011 and the Court set trial for December 5, 2011. ECF No. 32 at 2. Without first seeking leave from the Court, Plaintiffs filed their initial Motion for Summary Judgment on October 13, 2011. ECF No. 43. Even though Plaintiffs' complaint contained allegations against two defendants, Defendant Symmetry Landscaping, Inc. (SL, Inc.) alone appeared in the caption of Plaintiffs' Motion and the term "defendant" appeared throughout its text. *Id.* After holding a telephone conference, the Court granted leave to file out of time to Plaintiffs, which in turn necessitated pushing back the trial date to January 23, 2011. ECF No. 54.

In its response to Plaintiffs' Motion, SL, Inc. denied liability and pointed out that Plaintiffs' Motion was not directed at Defendant Symmetry Design and Installation, LLC (SD&I, LLC). ECF No. 56. Plaintiffs filed a Reply, in which they admitted their omission of SD&I, LLC, argued the omission was harmless, and disputed SL, Inc.'s denial. Then, Plaintiffs sought

## I. INTRODUCTION

This suit is brought under the Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1132, and the Labor Management Relations Act (LMRA), 29 U.S.C. § 185, to collect allegedly delinquent fringe benefit contributions. Plaintiffs are employee benefit plans, the trustees of those plans, and associated labor organizations. The employee benefit plans are: Greater St. Louis Construction Laborers Welfare Fund; Construction Laborers Pension Trust of Greater St. Louis; St. Louis Vacation Fund – Vacation Plan; and AGC - Eastern Missouri Laborers Joint Training Fund. The labor organizations are Laborers' Local Union numbers 42, 53, and 110, affiliated Laborers International Union of North America, AFL-CIO. It is undisputed that each plaintiff is either an employee benefit plan, a trustee, or a fiduciary within meaning of ERISA, or a labor organization within meaning of NLRA. ECF No. 63-1 at 1-3.

---

leave to file an Amended Motion for Summary Judgment, specifically stating that "any amendments to the original Motion for Summary Judgment will be wholly technical in nature and will in no way alter the substantive legal arguments or create a genuine issue of material fact." ECF No. 58 at 1. The Court granted leave to Plaintiffs, but expressly limited their ability to amend: "Amendments shall relate only to name Defendant Symmetry Design and Installation, LLC, as a defendant in the Motion and shall not alter the substantive legal arguments or create a genuine issue of material fact in any way." ECF No. 60.

Plaintiffs gave little heed to their pledge or the Court's instruction, as the Amended Memorandum in Support of their Amended Motion contained information that was materially different. Bernard DiFani Aff. ¶ 2, *compare* ECF No. 46 *with* ECF No. 59-1; Payroll Examination, *compare* ECF No. 52 *with* ECF No. 59-9. Defendants then submitted a Joint Response. ECF No. 65. This prompted Plaintiffs to file a Reply, which contained additional new exhibits and arguments. ECF No. 70. Plaintiffs filed this Reply on January 9, 2012, almost three years after they had initiated this case and less than two weeks before trial.

As the Court hopes has been made clear by the recitation of this convoluted procedural history, in this case Plaintiffs' counsel has failed to adhere to Court-ordered deadlines and to carefully draft and review its filings. Such actions have serious consequences: they impair the orderly administration of justice and they frustrate effective client advocacy. Proceeding with this case under rules which Defendants have followed and which Plaintiffs have not always followed, should not be construed by Plaintiffs' counsel as a license to ignore or intentionally evade the rules in the future.

2

The Defendants in this case are: (1) Symmetry Landscaping, Inc., a Missouri corporation (SL, Inc.); and (2) Symmetry Design and Installation, LLC, a Missouri limited liability corporation (SD&I, LLC). It is undisputed each Defendant is an employer within meaning of ERISA and NLRA. *Id*. at 3.

Plaintiffs allege each Defendant has executed and is bound by a collective bargaining agreement (CBA) with the labor organizations identified above. Plaintiffs allege these CBAs require the Defendants make monetary contributions to the plans identified above, based on the number of hours its employees spend completing work tasks covered by the CBAs. Plaintiffs state that an independent accounting firm has examined Defendants' payroll records and concluded Defendants failed to make the contributions required. Plaintiffs now move for summary judgment against both Defendants, seeking a total of: $26,202.30 in delinquent contributions; $4,317.29 in liquidated damages; $5,156.64 in interest owed; $10,500.00 in accounting costs; $6,580.50 in attorneys' fees; and $399.00 in costs.

Defendants raise several arguments in opposition to summary judgment. ECF No. 65. In addition, SD&I, LLC has asserted a counterclaim against Plaitiffs, alleging that it has overpaid them and is due repayment of $11,400.00. ECF No. 36.

## II.   STANDARD FOR SUMMARY JUDGMENT

Pursuant to Federal Rule of Civil Procedure 56, a party may move for summary judgment on any claim or defense. Fed.R.Civ.Pro. 56(a). "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Id*.; *AgriStor Leasing v. Farrow*, 826 F.2d 732, 734 (8th Cir. 1987) ("Summary judgment is appropriate only when there is *no* genuine issue of material fact, so that the dispute may be decided on purely legal grounds.") (emphasis in original). When

ruling on a motion for summary judgment, "[t]he judge's function is not to weigh the evidence[.]" *Id*. "Rather, the court's function is to determine whether a dispute about a material fact is genuine[.]" *Quick v. Donaldson Co.*, 90 F.3d 1372, 1377 (8th Cir. 1996). A fact is material when it "might affect the outcome of the lawsuit according to applicable substantive law[.]" *Liebe v. Norton*, 157 F.3d 574, 578 (8th Cir. 1998). A factual dispute is genuine when "the evidence is such that a reasonable trier of fact could return a verdict for the nonmoving party." *Herring v. Canada Life Ins. Co.*, 207 F.3d 1026, 1028 (8th Cir. 2000). When determining whether there are genuine issues of material fact, "the court is required to view the evidence in the light most favorable to the non-moving party and to give that party the benefit of all reasonable inferences to be drawn from the underlying facts." *AgriStor*, 826 F.2d at 734.

The party moving for summary judgment bears the initial burden of showing that there are no genuine issues of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). The moving party meets this burden by "citing to particular parts of materials in the record," such as documents and affidavits. Fed.R.Civ.Pro. 56(c)(1)(A). Once the moving party has met this burden, to avoid summary judgment, the non-moving party must set forth affirmative evidence and specific facts showing there is a genuine dispute of material facts. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986). To do so, the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

### III.    ERISA

ERISA "is a comprehensive statute that sets certain uniform standards and requirements for employee benefit plans." *Minn. Chapter of Assoc'd Builders & Contractors, Inc. v. Minn. Dept. of Pub. Safety*, 267 F.3d 807, 810 (8th Cir. 2001) (quotations omitted). ERISA "was

4

enacted in response to growing concerns about the mismanagement of funds accumulated to finance employee benefits and the failure to pay employees benefits from accumulated funds." *Id*. (quotations omitted).

Section 515 of ERISA is entitled "Delinquent contributions"; this section requires an employer to make contributions to an employee benefits plan if obligated to do so under the terms of a collective bargaining agreement. 29 U.S.C. § 1145. In general, an employer is bound by a collective bargaining agreement only when an employer is a party to a collective bargaining agreement. *Crest Tankers, Inc. v. Nat'l Maritime Union of Am.*, 796 F.2d 234, 237 (8th Cir. 1986) ("In general, only a party to a collective bargaining agreement is bound by its terms; however, in some instances, an employer which has not signed a labor contract may be so closely tied to a signatory employer as to bind them both to the agreement."); *Southwest Adm'r, Inc. v. Rozay's Transfer*, 791 F.2d 769, 773 (9th Cir. 1986) ("For an employer to be obligated to make employee benefit contributions to a trust fund, there must exist a binding collective bargaining agreement.").

Section 502(g)(2) set forth the remedy for delinquent contributions:

In any action under this subchapter by a fiduciary for or on behalf of a plan to enforce section 1145 of this title in which a judgment in favor of the plan is awarded, the court shall award the plan–

(A) the unpaid contributions,

(B) interest on the unpaid contributions,

(C) an amount equal to the greater of–

    (i) interest on the unpaid contributions, or

    (ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A),

> (D) reasonable attorney's fees and costs of the action, to be paid by the defendant, and
>
> (E) such other legal or equitable relief as the court deems appropriate.
>
> For purposes of this paragraph, interest on unpaid contributions shall be determined by using the rate provided under the plan, or, if none, the rate prescribed under section 6621 of Title 26.

29 U.S.C. § 1132(g)(2).

Section 403 of ERISA provides that under certain circumstances, contributions made by mistake of fact or law may be returned to the employer by the plan administrator. 29 U.S.C. § 1103(c)(2)(A). Even if an employer makes a contribution by mistake, the plan administrator has discretion in deciding whether to return the contribution; a refund is neither mandatory nor automatic. *See E.M. Trucks, Inc. v. Central States, Southeast and Southwest Areas Pension Plan*, 517 F.Supp. 1122, 1124 (D.Minn. 1981). While there is therefore no affirmative right for an employer to recover mistaken contributions, the Eighth Circuit has held that an employer may seek a refund in this situation by asserting a cause of action for unjust enrichment under the federal common law. *Young America, Inc. v. Union Central Life Ins. Co.*, 101 F.3d. 546, 548 (8th Cir.1996). Equitable principles govern an unjust enrichment action. *Id*. (citing *UIU Severance Pay Trust Fund v. Local Union No. 18–U, United Steelworkers of Am.*, 998 F.2d. 509, 513 (7th Cir. 1993) (listing equitable factors to consider)).

**IV.    DISCUSSION**

Plaintiffs have moved for summary judgment against both SL, Inc., and SD&I, LLC. The Court will address Plaintiffs' Motion against each Defendant, in turn.

*A. Symmetry Landscaping, Inc.*

Plaintiffs allege SL, Inc. owes fringe benefit contributions under the terms of the "May 1 2007 to April 2012 Collective Bargaining Agreement Between Seed/Sod & Nursery Contractors

of the Landscaping Division of Site Improvement Association and Laborers' Local Union 110." *See* ECF No. 59-6. Bernard Difani is the Administrative Manager of the Greater St. Louis Construction Laborers Welfare and the Construction Laborers Pension Trust Fund of Greater St. Louis. Difani Aff. ¶2, ECF No. 59-1. In his affidavit, he states that SL, Inc. has been a party to the Seed/Sod & Nursery CBA since April 23, 2007. *Id*.

Plaintiffs submit several exhibits in support of Difani's contention. First, Plaintiffs have submitted the purported "signature page" of this CBA. *Id*. This document consists of two pages. *See* ECF No. 59-2. The second of those pages concerns "Symmetry Design & Installation, LLC" and thus is irrelevant, here. *Id*. at 2. On the first page appears the typed name "Symmetry Landscaping", the handwritten signature of "Theodore J. Bergman, President", and the handwritten date of "4-23-07; also appearing are four other business names and corresponding signatures. *Id*. at 1. This signature page itself contains no indication of the substance of the documents from which it was separated or taken.

Next, plaintiffs have submitted the CBA itself. *See* ECF No. 59-6. On page 18 of this CBA appears the typed name "Symmetry Landscaping", the handwritten signature of "Theodore J. Bergman, President", and the date "4-23-07". *Id*. at 19. The Court notes that page 18 contains obvious differences from the signature page discussed above: absent from page 18 are various notations and the signatures of two persons. *Id*. Plaintiffs state that this agreement, in Article VII, requires employers to make contributions to the plan funds. Difani Aff. ¶3, ECF No. 59-1. Article VII is entitled "Wages and Working Rules." ECF No. 59-6 at 7. Article VII establishing rules regarding matters such as employee wages and workplace policies; it does not discuss employer contributions to employee fringe benefit funds. *Id*. at 7-13. Plaintiffs have not directed the Court to any other provision in the agreement that discusses contributions. In addition,

Plaintiffs have not directed the Court to any provision within this CBA that automatically binds the signatory parties to subsequent amendments or addendums. *Cf. Greater St. Louis Constr. Laborers Welfare Fund v. AGR Construction Co.*, No. 4:09-cv-00907 CEJ, 2010 WL 5173193, *2 n.2 (E.D. Mo. Dec. 14, 2010); *Greater St. Louis Constr. Laborers Welfare Fund v. Don Richardson Concrete Co.*, 775 F.Supp. 1249, 1252-53 (E.D.Mo. 1991).

Finally, Plaintiffs submit an "Addendum Covering Installation of Irrigation Systems." ECF No. 59-7. This addendum makes changes to the CBA discussed above. *Id*. at 1. Specifically, the addendum adds new language to Article VII. This new language requires employers to make contributions to employee fringe benefit funds. *Id*. at 2-5. On page 7 appears the typed name "Symmetry Irrigation" and handwritten signature of "Theodore J. Bergman, President." Because "Symmertry Irrigation" appears in type, it seems likely it was written by the party drafting the Addendum. The name "Symmetry Landscaping, Inc." does not appear.

SL, Inc. denies that it is a party to the Seed/Sod & Nursery CBA. In his affidavit, Theodore J. Bergman states that he is the President of SL, Inc. Bergman Aff. ¶ 1, ECF No. 56-1 at 1. He states that SL, Inc. is not a party to any contract with Plaintiffs. *Id*. at ¶2, ECF No. 56-1. Instead, he states that all contracts were signed either by SD&I, LCC, or by Symmetry Irrigation, LLC, an entity that is not a party here. *Id*. at ¶¶2, 5, ECF No. 56-1 at 1.

In their Reply, Plaintiffs complain that they were not made aware that Symmetry Irrigation, LLC is a separate entity from SL, Inc. In addition, they argue that "it stands to reason that any entity may not sign an addendum to a contract unless that entity is already a party to the parent agreement." ECF No. 70 at 2. They also argue that, "[a]t most, defendant Symmetry Landscaping, Inc. was doing business as 'Symmetry Irrigation' with regard to work covered by the Irrigation Addendum." *Id*. Plaintiffs cite no law or facts in support of this argument.

Section 515 of ERISA requires an employer to make contributions according to the terms of a CBA only if that employer is bound by a CBA. 29 U.S.C. § 1145; *see also Crest Tankers, Inc*, 796 F.2d 234, 237; *Southwest Adm'r, Inc.*, 791 F.2d 769, 773. The only theory advanced by Plaintiffs to establish that SL, Inc. is bound by the Seed/Sod & Nursery CBA is that SL, Inc. signed that CBA. After reviewing the record described above in the light most favorable to SL, Inc., the Court finds that there is a genuine dispute as to whether it signed the CBA. Plaintiffs' will therefore be denied summary judgment on their claim against SL, Inc.

### B. Symmetry Design and Installation, LLC

Plaintiffs allege SD&I, LLC owes fringe benefit contributions under the terms of the "May 2002 to April 2007 Collective Bargaining Agreement Between Modular Block Wall Contractors of the Landscaping Division of Site Association and Laborers' Local Union 110," as well as the subsequent May 1, 2007 to April 30, 2010 extension of that CBA. *See* ECF No. 59-3; 59-5. The Modular Block Wall CBA establishes in Section 3.01 that it concerns "the preparation and installation of reinforced and gravity walls on all commercial, new residential and public work construction sites" located in St. Louis City, St. Louis County, and certain other surrounding counties. ECF No. 59-3 at 4; ECF No. 59-5 at 4. This CBA reiterates its scope in Section 7.01:

> It is expressly agreed and understood that the wages, fringes and working rules of this Agreement shall apply only to work of the Employer as defined in Section 3.01 on all commercial, only new residential and all public work projects.

ECF No. 59-3 at 8; 59-5 at 8.

Plaintiffs rely upon Article 7 of this CBA to make their allegations against SD&I, LLC. Article 7 requires employers to make fringe benefit contributions to the employee benefit plans for each hour an employees engages in the work tasks described above. Difani Aff. ¶3, ECF No.

9

59-1. Article 7 also authorizes Plaintiffs to examine and audit an employer's payroll and other employee records, to ensure the employer has made the contributions required by the CBA. Difani Aff. ¶¶3-4, ECF No. 59-1. If an audit finds delinquent contributions, the CBA entitles the Plaintiffs to recover ten percent (10%) of the delinquent amount in liquidated damages, costs, and fees. *Id*. at ¶5.

Difani is the Administrative Manager of the Greater St. Louis Construction Laborers Welfare and the Construction Laborers Pension Trust Fund of Greater St. Louis. Difani Aff. ¶2, ECF No. 59-1. Difani states that Plaintiffs hired an accounting firm to conduct a payroll examination of SD&I, LLC for the period from July, 1, 2005 until February 28, 2009. *Id*. at ¶6. Plaintiffs submit an affidavit from John Massa, an accountant with the firm who conducted the examination. ECF No. 59-8. Plaintiffs also submitted the payroll examination report generated by the firm. ECF No. 59-9. Notes contained within this report indicate that it was created by analyzing payroll and other records submitted by both SD&I, LLC and SL, Inc. This report is organized by employee, by month worked. The report does not indicate whether an employee was employed by SD&I, LLC or by SL, Inc.[2] For each month an employee worked, the report lists the number of hours worked, the number of hours worked that were non-reportable (i.e., not covered by the CBA), the number of hours worked that were reportable, and the number of over- or under-reported hours. The report does not indicate the project or tasks on which an employee worked. The report then totals these figures to calculate the number of hours for which SD&I

---

[2] In their Reply, Plaintiffs state that "Schedule D of Exhibit A to the Affidavit of John Massa clearly distinguishes between the hours reported under the modular block wall agreement and those reported under the landscaping agreement." ECF No. 70 at 3; *see also id*. at 5. The Court has been unable to locate this Schedule D; the payroll examination submitted in the record appears to contain only Schedule A. *See* ECF No. 59 (entitled "Schedule A - Summary of Exceptions to Reported Hours"),

10

LLC's has failed to make fringe benefit contributions. The report concludes that SD&I LLC has failed to make the required contributions for 1,792.08 hours. Based on this report, Plaintiffs seeks to recover delinquent contributions, liquidated damages, pre-judgment interest, accounting costs, attorney's fees, and court costs. Apart from stating the number hours SD&I, LLC has failed to report, Plaintiffs do not indicate what portion of their total damage request is attributable solely to SD&I, LCC.

In its Response, SD&I, LLC disputes the accuracy of Plaintiffs' calculations, on the grounds that it includes hours spent on work not covered by the Modular Block Wall CBA. In his affidavit, Theodore J. Bergman states that he was manager of SD&I, LLC. Bergman Aff. ¶1, ECF No. 56-1 at 1. Bergman states that the report's notes indicate that it improperly includes work hours not covered by the CBA. *Id*. at ¶¶9-11. Bergman states that, with the assistance of certified public accountant Leslie Dougherty, he has prepared a report detailing the pay periods, employees, and hours spent completing work covered and non-covered work that is relevant to Plaintiffs' allegation. *Id*. at ¶7. SD&I, LCC has submitted Bergman's report. *See* ECF No. 65-4; 65-5; 65-6. This report is organized by month, and then for each month by employee and by that employee's work projects. For each work project, the total hours worked, the qualified union hours worked, the qualified union hours worked by the employer, and the difference between them is provided. Based on this report, Bergman concludes that SD&I, LLC has incorrectly made fringe benefit contributions to Plaintiffs for a total of 1,618.71 hours not covered by the Modular Block Wall CBA. Bergman Aff. ¶7, ECF No. 56. In its counterclaim SD&I, LLC seeks return of this overpayment.

In their Reply, Plaintiffs contend Bergman's report "is not credible evidence." ECF No. 70 at 3-5. Though they cite no supporting law, it may be that Plaintiffs' objection is this report

11

has not been "presented in form that would be admissible at trial." Fed.R.Civ.Pro. 56(c)(2). For instance, Plaintiffs complain that Bergman's report has not been properly authenticated. Authenticated is a trial concern, *see, e.g.*, Fed.R.Evid. 901, and nothing in the record suggests Bergman will not be able to authenticate at trial a report he created. Plaintiffs also complain that Bergman's report "was prepared with the assistance of a certified public accountant, who was not disclosed to plaintiffs as an expert witness in accordance with Fed.R.Civ.Pro. 26(a)(2)." ECF No. 70 at 3. Rule 26(a)(2) requires disclosure of a witness who may be called at trial to present expert testimony. Nothing in the record indicates that SD&I, LLC will or must trial call Leslie Dougherty as an expert witness; the mere fact she is a certified public accountant does not necessarily imply she is an expert witness. Fed.R.Evid. 601; 701. Moreover, when ruling on a motion for summary judgment, a court does not decide whether evidence is "credible"; instead, the court merely determines whether the record before it contains genuine issues of material fact. *Quick*, 90 F.3d 1372, 1377.

In other cases litigated in this district, Plaintiffs have sought to prove the amount of a defendant's delinquent fringe benefit contributions by offering payroll auditing reports prepared by an independent accounting firm. Citing one such case, Plaintiffs have argued that "[t]he findings of plaintiffs' accountant are presumptively valid." *Greater St. Louis Const. Laborers Welfare Fund v. H2K Const., LLC*, No. 4:09-cv-1306 MLM, 2010 WL 2640192, *1 (E.D.Mo., June 28, 2010). In support of this proposition, *H2k Const., LLC* cites *Don Richardson Concrete Co.*, 775 F.Supp 1249.[3] Each of these cases is distinguishable. In the instant case, as is

---

[3]*H2K Const., LLC* also cites the following for support: *Greater St. Louis Const. Laborers Fund v. Robert Eickmeier Masonry Contractors, Inc.*, No. 4:86-cv-01534 ELF (E.D.Mo. July 15, 1991) ("The burden is on the employer to produce evidence countering the audit"). This case is not available on either WestLaw or on the Court's electronic docketing system. Anticipating this problem, when Plaintiffs have cited this case they have also purported to attach a copy of it to

12

evidenced by Plaintiffs' report, SD&I, LLC has provided payroll and other employee records to Plaintiffs. *Cf. H2K Const., LLC*, 2010 WL 2640192 (after entry of default judgment because defendant failed to answer complaint or enter appearance, finding plaintiffs' report sufficient to establish value of damages); *Don Richardson Concrete Co.*, 775 F.Supp 1249 (in opinion issuing findings of facts and conclusion of law after the completion of a bench trial, rejecting defendants' challenge to the findings of plaintiffs' accountants because accounting was made more difficult by defendant's failure to respond to discovery requests and destruction of payroll and employee records by fire on defendant's property). Plaintiffs also argue SD&I, LLC did not present contradictory evidence during Plaintiffs' audit, did not depose Plaintiffs' accountants, and did not participate in mediation. These arguments are misplaced, because the only issue presented by a motion for summary judgment is whether the record contains genuine disputes of material fact.

Section 515 of ERISA requires an employer to make contributions according to the terms of a CBA. 29 U.S.C. § 1145. Under the Modular Block Wall CBA, SD&I, LLC is required to make fringe benefit contributions based on the hours its employees spent completing work covered by the CBA. Whether SD&I, LLC has performed such tasks, and thus whether it has failed to make the contributions required, are questions of material fact. Based on the dueling accounting reports submitted by the parties, the Court finds that there are genuine disputes as to these material facts. Plaintiffs are therefore not entitled to summary judgment on their claim against SD&I, LLC. With regard to SD&I, LLC's counterclaim against Plaintiffs, considerations of equity govern whether it is entitled to recover any contributions it may have mistakenly made

---

their Motion. ECF No. 44 at 4; 59 at 4. On both occasions, the Court has been unable to locate any such attachment. Regardless, on the facts presented, SD&I, LLC has met the burden apparently set forth by that case of producing evidence countering Plaintiffs' audit. As a result, even under *Robert Eickmeier Masonry*, Plaintiffs' report would not be presumed valid.

to Plaintiffs. The parties, and the record submitted, are largely silent on this issue. For that reason, and because of the disputed facts discussed above, Plaintiffs have failed to show that they are entitled to judgment as a matter of law on SD&I, LLC's counterclaim.

V. **CONCLUSION**

As set forth above, the Court finds that the record presented contains genuine disputes of material fact. In doing so, the Court expresses no opinion as to whether either party will ultimately prevail at trial. Instead, the Court merely concludes that the existence of genuine disputes of material fact precludes entry of summary judgment in favor of Plaintiffs.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Amended Motion for Summary Judgment, ECF No. 62, is **DENIED** as to Defendant Symmetry Landscaping, Inc.

**IT IS FURTHER ORDERED** that Plaintiffs' Amended Motion for Summary Judgment, ECF No. 62, is **DENIED** as to Defendant Symmetry Design and Installation, LLC.

Dated this 13th day of January, 2012.

                              E. RICHARD WEBBER
                              UNITED STATES SENIOR DISTRICT JUDGE