UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| GREATER ST. LOUIS CONSTRUCTION LABORERS WELFARE FUND, et al., | ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) ) Case No. 4:09CV00401 ERW |
| SYMMETRY DESIGN and INSTALLATION, LLC, | ) ) ) ) |
| Defendant. | ) |

## **MEMORANDUM AND ORDER**

This matter comes before the Court on Plaintiffs Greater St. Louis Construction Laborers Welfare Fund, et al.'s[1] ("Plaintiffs") "Motion to Compel Responses to Post-Judgment Discovery Requests" [ECF No. 81], and Defendant Symmetry Design and Installation, LLC's ("Symmetry") "Motion to Withdraw Appearance as Attorney for Defendant" [ECF No. 86].

**I.    BACKGROUND**

Plaintiffs brought this action against Symmetry, under the Employee Retirement Income Security Act and the Labor Management Relations Act to collect delinquent fringe benefit contributions due under various collective bargaining agreements [ECF Nos. 27, 79]. On March 29, 2012, this Court entered judgment in favor of Plaintiffs and against Symmetry, awarding Plaintiffs a total of $35,317.80 in delinquent contributions, liquidated damages, interest, costs, and attorneys' fees [ECF Nos. 79, 80]. To date, the entire amount of the judgment remains outstanding [ECF Nos. 82, 82-1].

---

[1]Plaintiffs are a large number of employee benefit plans, the duly designated and acting trustees and fiduciaries of those plans, and associated labor organizations [ECF Nos. 27, 79].

On June 25, 2012, Counsel for Plaintiffs served a Notice of Rule 69 Deposition on Symmetry's principal, Theodore Bergman, contemporaneously with a Request for Production of Documents to be produced at the deposition [ECF Nos. 82-1, 82-2]. Mr. Bergman appeared with counsel at the deposition, and produced some of the requested documents [ECF No. 82-1]. However, he did not produce any tax returns for Symmetry, and no other person acting on Symmetry's behalf has produced tax returns since the deposition [ECF No. 82-1].

Plaintiffs sent their First Set of Post-Judgment Interrogatories to Symmetry, requiring an answer, under oath, within thirty (30) days of their January 18, 2013 submission [ECF Nos. 82-1, 82-3]. The primary purpose of these interrogatories is to obtain information related to Willow Landscaping, LLC ("Willow"), a limited liability corporation organized on January 4, 2011, by another limited liability corporation, which was organized by Mr. Bergman and his wife on that same date [ECF Nos. 82-1, 82-4]. Plaintiffs seek this information to determine if a relationship exists between Symmetry and Willow that would warrant a creditor's bill in equity to satisfy all or part of the judgment against Symmetry, due to the timing between Symmetry's end of operations in December of 2010, and Willow's organization [ECF Nos. 82-1, 82-4, 82-5].

## II.     LEGAL STANDARD

Rule 69 permits judgment creditors to obtain discovery from a judgment debtor in any matter provided by the Federal Rules. Fed. R. Civ. P. 69(a)(2). Rules 33 and 34 govern interrogatories and requests for production, and require parties to respond to discovery requests within thirty (30) days. Fed. R. Civ. P. 33(b)(2), 34(b)(2)(A). If a party fails to respond appropriately to discovery requests under Rules 33 or Rule 34, the requesting party may move the court for an order compelling an answer, designation, production, or inspection. Fed. R. Civ. P. 37(a)(3)(B)(iii-iv).

## III. DISCUSSION

On June 24, 2013, Plaintiffs filed their "Motion to Compel Responses to Post-Judgment Discovery Requests," moving the Court to compel Symmetry to respond to Plaintiffs' First Set of Post-Judgment Interrogatories and Requests for Production of Documents [ECF No. 81].

In its Response, Symmetry states it has been out of business for over two-and-one-half (2 ½ ) years [ECF No. 83]. Symmetry further states that it has no employees, no funds, and no assets with which to employ persons to answer interrogatories, and that its Chief Financial Officer works for another company. Symmetry asserts its former managing member appeared at the deposition and testified fully. Symmetry claims its former managing member "is trying to make a living to support his family by working at another company and cannot be continually harassed by depositions and interrogatories to answer questions regarding a now defunct company" [ECF No. 83 at 2].

Plaintiffs filed a "Response Memorandum in Support of Plaintiffs' Motion to Compel Discovery Responses" [ECF No. 84]. In their Memorandum, Plaintiffs contend that, while Symmetry may have ceased its business operations, its cessation of operations does not excuse it from the duty to respond under Rules 33 and 34 of the Federal Rules of Civil Procedure. They further assert that information obtained from the Missouri Secretary of State's website indicates Symmetry is an active limited liability company, with no filings since the original articles of incorporation, and they argue that Symmetry cannot be characterized as "non-existent" in the legal sense, even if it no longer conducts business. Plaintiffs take issue with Symmetry's claim of "no fund or assets," and contend this argument is legally insufficient to excuse Symmetry from responding to the discovery requests.

On July 17, 2013, Counsel for Symmetry filed its Motion to Withdraw, asserting they had completed the assignment for which they were engaged, did not agree to handle post-trial collection matters, and no longer had Symmetry as a client [ECF No. 86].

The parties appeared before the Court for hearing on the two motions on July 18, 2013 [ECF No. 87]. The Court granted Plaintiffs' Motion to Compel, directing Plaintiffs to submit no more than ten (10) interrogatories and five (5) requests for production to Symmetry within ten (10) days, and directing Symmetry to respond within twenty (20) days of submission. Counsel's Motion to Withdraw was held in abeyance. On July 23, 2013, Plaintiffs filed an Affidavit with the Court, requesting an award of attorneys' fees in the amount of $765.00, for services performed in connection with the Motion to Compel [ECF No. 88].

Plaintiffs filed a Status Report on September 6, 2013 [ECF No. 89]. In this report, Plaintiffs state that Symmetry failed to respond timely to Second Post-Judgment Interrogatories and Second Post-Judgment Requests for Production sent to Symmetry on July 27, 2013, indicating Symmetry's responses were, even after application of Rule 6(d)'s three-day extension for service made via U.S. Mail, one day late.

Plaintiffs further state Symmetry failed to produce all documents requested, including certain tax records and bank statements: "(plaintiffs requested tax returns for the years 2008, 2009, 2010, and 2011; defendant produced its 2011 consolidated return, but further responded by stating that 'Plaintiff's counsel may examine a copy of the consolidated returns for 2008-2010') and bank statements (plaintiffs requested statements from accounts closed in the preceding 36 months; defendants responded that it 'could not locate the most recent bank statement but has requested a copy from the bank and will provide when received')" [ECF No. 89 at 2]. Plaintiffs contend Symmetry's failure to respond fully to their requests is inexcusable given that the tax

4

records and bank statements were requested by Plaintiffs with a deposition notice on June 25, 2012.

Nevertheless, Plaintiffs assert:

> Despite defendant's failure to fully comply with this Court's July 18, 2013 Order, plaintiffs do not intend to request further relief at this time, unless otherwise directed by the Court. Plaintiffs will continue to investigate information contained in the discovery responses submitted by defendant, as such investigation may provide plaintiffs with the evidence necessary to support a motion for a creditor's bill in equity.

[ECF No. 89 at 2].

The Court appreciates the information provided by Plaintiffs' Status Report, and Plaintiffs' willingness to continue their investigation of the evidence necessary to support a motion for a creditor's bill in equity, without further court-ordered relief. The Federal Rules of Civil Procedure contemplate that, largely, discovery should be handled by the parties without judicial supervision, and contain provisions requiring litigants to make good-faith efforts to resolve discovery disputes before requesting judicial intervention. *See* Fed. R. Civ. P. 37(a)(1).

The Motion to Withdraw filed by counsel for Symmetry will be held in abeyance, pending notice that the instant discovery issues have been informally resolved.

Accordingly,

**IT IS HEREBY ORDERED** that and Defendant Symmetry Design and Installation, LLC's "Motion to Withdraw Appearance as Attorney for Defendant" [ECF No. 86] is **HELD in ABEYANCE**.

So Ordered this 21st day of October, 2013.

_E. Richard Webber_ (signature)

E. RICHARD WEBBER
SENIOR UNITED STATES DISTRICT JUDGE